**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

RUFUS BOSWELL and )
JOANN BOSWELL, )
husband and wife, )
                               )
        Plaintiffs, )
                               )
v. )   Case No. CIV-06-326-KEW
                               )
STATE FARM FIRE AND CASUALTY )
COMPANY, )
                               )
        Defendant. )

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed September 19, 2006 (Docket Entry #16). Defendant contends Plaintiffs' action should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6). Specifically, Defendant argues Plaintiffs have not alleged in their Complaint that they have performed all conditions precedent required by the insurance policy in effect between the parties at the time of the loss and the filing of Plaintiffs' claim. Plaintiffs respond that they have alleged all premiums have been paid on the policy and now allege that all other conditions precedent have been satisfied.

Typically, an action should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless "the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." Reynolds v. School District No. 1, Denver, Colorado, 69 F.3d 1523, 1536 (10th Cir. 1995) citing Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir. 1994).

In reviewing the sufficiency of the complaint, a court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996) citing Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  The "[g]ranting [of] defendant's motion to dismiss is a harsh remedy which must be cautiously studied . . . to protect the interests of justice." Bangerter v. Orem City Corp., 46 F.3d 1491, 1502 (10th Cir. 1995). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low."  Quality Foods v. Latin American Agribusiness Development, 711 F.2d 989, 995 (11th Cir. 1983).  Generally, a request for dismissal for the failure to state a claim "is viewed with disfavor, and is rarely granted."  Lone Star Industries, Inc. v. Horman Family Trust, 960 F.2d 917, 920 (10th Cir. 1992) citing Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981).  "Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." Neitzke v. Williams, 490 U.S. 319, 329 (1989); *see also*, Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001)("[D]ismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.").

Since it is not obvious amending the Complaint to include the satisfaction of conditions precedent would be futile, dismissal is inappropriate. Plaintiffs will be afforded the opportunity to amend their Complaint.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed September 19, 2006 (Docket Entry #16) is hereby **DENIED.** Plaintiffs shall file an Amended Complaint in accordance with this Order no later than **NOVEMBER 13, 2006**.

IT IS SO ORDERED this 19th day of October, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE